

**U.S. Department of Justice**
*United States Attorney*
*District of New Jersey*

---

*Leah Gould*
*Assistant United States Attorney*

*970 Broad Street, Suite 700*
*Newark, New Jersey 07102*

*Direct Dial: (973) 353-6071*

October 28, 2019

Dawn M. Florio, Esq.
Dawn M. Florio Law Firm PLLC
909 3rd Avenue, 28th Floor
New York, New York 10022

*CR. 20-189 (ES)*

Re:   Plea Agreement with Victoria Irizarry

Dear Ms. Florio:

This letter sets forth the plea agreement between your client, Victoria Irizarry ("IRIZARRY"), and the United States Attorney for the District of New Jersey ("this Office"), and supersedes all previous offers. This offer will expire on **November 12, 2019** if it is not accepted in writing by that date.

Charge

Conditioned on the understandings specified below, this Office will accept a guilty plea from IRIZARRY to a two-count Information, which charges that: (1) IRIZARRY knowingly and intentionally conspired with Marisol Vargas, Daniel Estrella, Cohen Easton, a/k/a "Power," and others to distribute and possess with the intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, contrary to Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B), in violation of Title 21, United States Code, Sections 846 (Count One); and (2) IRIZARRY knowingly and intentionally possessed with the intent to distribute 500 grams or more of a mixture and substance containing a detectable about of cocaine, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B) and Title 18, United States Code, Section 2 (Count Two). If IRIZARRY enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against IRIZARRY for conspiring to distribute, and distributing or possessing with intent distribute controlled substances between in or around August 2018 through in or around November 2018. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and

effect, IRIZARRY agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by IRIZARRY may be commenced against her, notwithstanding the expiration of the limitations period after IRIZARRY signs the agreement.

<u>Sentencing</u>

The violations of 21 U.S.C. §§ 841 and 846 charged in the Information to which IRIZARRY agrees to plead guilty each carry a statutory mandatory minimum prison sentence of 5 years and a statutory maximum prison sentence of 40 years' imprisonment, and carries a statutory maximum fine equal to the greater of: (1) $5,000,000; or (2) twice the gross profits or other proceeds to IRIZARRY.

The sentence to be imposed upon IRIZARRY is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence IRIZARRY ultimately will receive.

Further, in addition to imposing any other penalty on IRIZARRY, the sentencing judge: (1) will order IRIZARRY to pay an assessment of $100 (per count) pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) may order IRIZARRY to pay restitution pursuant to 18 U.S.C. § 3663, <u>et seq.</u>; (3) may deny IRIZARRY certain statutorily defined benefits pursuant to 21 U.S.C. §§ 862 and 862a; and (4) pursuant to 21 U.S.C. § 841 and 18 U.S.C. § 3583, must require IRIZARRY to serve a term of supervised release of at least four years (per count), which will begin at the expiration of any term of imprisonment imposed. Should IRIZARRY be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, IRIZARRY may be sentenced to not more than three years' imprisonment (per count) in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Additionally, if at the time of sentencing the United States is satisfied that the five enumerated characteristics set forth in 18 U.S.C. § 3553(f)(1)-(5) apply to IRIZARRY and her commission of the charged offense, the United States will

2

make such a representation to the sentencing court and will recommend that the sentencing court impose a sentence pursuant to the applicable Sentencing Guidelines without regard to any statutory minimum sentence.

## Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on IRIZARRY by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of IRIZARRY's activities and relevant conduct with respect to this case.

## Stipulations

This Office and IRIZARRY agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or IRIZARRY from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict the Government's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

## Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and IRIZARRY waive certain rights to file an appeal, collateral attack, writ, or motion after resentencing, including

but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

Forfeiture

IRIZARRY agrees that as part of his acceptance of responsibility and pursuant to 21 U.S.C. § 853, IRIZARRY agrees to forfeit to the United States, pursuant to 21 U.S.C. § 853, any and all property constituting or derived from any proceeds obtained directly or indirectly as a result of the offenses charged in the Information and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of such offenses.

IRIZARRY further consents to the entry of a forfeiture money judgment in the amount representing the proceeds of the offense charged in the Information and the property used or intended to be used in any manner or part to commit and to facilitate the commission of such offenses, pursuant to 21 U.S.C. § 853 (the "Money Judgment"). Payment of the Forfeiture Money Judgment shall be made by certified or bank check payable to the United States Marshals Service with the criminal docket number noted on the face of the check. IRIZARRY shall cause said check to be delivered to the Asset Forfeiture and Money Laundering Unit, United States Attorney's Office, District of New Jersey, 970 Broad Street, Newark, New Jersey 07102.

IRIZARRY waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, IRIZARRY consents to the entry of a Consent Judgment of Forfeiture that will be final as to the IRIZARRY prior to IRIZARRY's sentencing. IRIZARRY understands that criminal forfeiture pursuant to 21 U.S.C. § 853 is part of the sentence that may be imposed in this case and waives any failure by the court to advise her of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding. It is further understood that any forfeiture of IRIZARRY's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon her in addition to forfeiture. IRIZARRY hereby waives any and all claims that this forfeiture constitutes an excessive fine and agrees that this forfeiture does not violate the Eighth Amendment.

Immigration Consequences

IRIZARRY understands and agrees that if she is not a citizen of the United States, her guilty plea to the charged offense will likely result in her being subject

to immigration proceedings and removed from the United States by making her deportable, excludable, or inadmissible, or ending her naturalization, if she is not already in that status. IRIZARRY understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. IRIZARRY wants and agrees to plead guilty to the charged offense, knowing that this plea will result in her removal from the United States. IRIZARRY understands that she is bound by her guilty plea regardless of any immigration consequences of the plea. Accordingly, IRIZARRY waives any and all challenges to her guilty plea and to her sentence based on any immigration consequences, and agrees not to seek to withdraw her guilty plea, or to file a direct appeal or any kind of collateral attack challenging her guilty plea, conviction, or sentence, based on any immigration consequences of her guilty plea.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against IRIZARRY. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement), or any third party from initiating or prosecuting any civil or administrative proceeding against IRIZARRY.

No provision of this agreement shall preclude IRIZARRY from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that IRIZARRY received ineffective assistance of counsel.

No Other Promises

This agreement constitutes the plea agreement between IRIZARRY and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

CRAIG CARPENITO
United States Attorney

By: _____

Leah Gould
Assistant U.S. Attorney

Approved:

_____

Meredith J. Williams
Chief, OCDETF/Narcotics

6

I have received this letter from my attorney, Dawn M. Florio, Esq. My attorney and I have discussed it and all of its provisions, including those addressing the charges, sentencing, stipulations, waiver, forfeiture, and immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____        Date: 11 | 13 | 19
Victoria Irizarry

I have discussed with my client this plea agreement and all of its provisions, including those addressing the charges, sentencing, stipulations, waiver, forfeiture, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____        Date: 11/15/2/9
Dawn M. Florio, Esq.

7

Plea Agreement with Victoria Irizarry ("IRIZARRY")

SCHEDULE A

1.  This Office and defendant IRIZARRY agree to stipulate to the following facts:

a.  The version of the United States Sentencing Guidelines effective November 1, 2018 applies in this case. The applicable guideline is U.S.S.G. § 2D1.1.

b.  The offense involved approximately 4 kilograms of cocaine, and that this amount shall be considered relevant conduct as defined in U.S.S.G. § 1B1.3.

c.  Pursuant to U.S.S.G. § 3B1.2(b), IRIZARRY was a minor participant in the criminal activity.

d.  Pursuant to the change in law effected by Section 402(b) of the First Step Act of 2018 (the "Act"), IRIZARRY may be eligible for the relief set forth in 18 U.S.C. § 3553(f) (the "Statutory Safety-Valve"). That is because the Act, which became effective on December 21, 2018, broadens the class of defendants who are eligible to receive relief under the Statutory-Safety Valve.

e.  Within the meaning of 18 U.S.C. § 3553(f)(2) and U.S.S.G. § 5C1.2(a)(2), IRIZARRY did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense.

f.  Within the meaning of 18 U.S.C. § 3553(f)(3) and U.S.S.G. § 5C1.2(a)(3), the offense did not result in death or serious bodily injury to any person.

g.  As of the date of this letter, within the meaning of 18 U.S.C. § 3553(f)(4) and U.S.S.G. § 5C1.2(a)(4), IRIZARRY was not an organizer, leader, manager or supervisor and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848.

h.  Whether IRIZARRY meets the criterion set forth in U.S.S.G. § 5C1.2(a)(1) and (5) has not yet been determined. If applicable, whether IRIZARRY meets the criterion set forth in 18 U.S.C. § 3553(f)(1), as amended by the Act has not yet been determined.

2. If the sentencing court accepts the factual stipulations set forth above, both parties waive the right to file an appeal, collateral attack, writ, or

8

motion claiming that the sentencing court erred in doing so. Otherwise, both parties reserve the right to file, oppose, or take any position in any appeal, collateral attack, or proceeding involving post-sentencing motions or writs.

3.   The United States Sentencing Commission has not yet amended the corresponding provision of the United States Sentencing Guidelines — U.S.S.G. § 5C1.2 — to conform that provision to the Statutory Safety-Valve. Therefore, if, at the time of sentencing, the Court determines that IRIZARRY meets the criteria set forth in the safety valve provisions in 18 U.S.C § 3553(f)(1)–(5) and U.S.S.G § 5C1.2(a)(2)–(5), this Office will move for a two-level downward variance pursuant to 18 U.S.C. § 3553(a). Doing so would give IRIZARRY the benefit now of any later conforming amendment to U.S.S.G. § 5C1.2. If this Office so moves, IRIZARRY shall not seek a reduced sentence pursuant to 18 U.S.C. § 3582(c) in the event that after IRIZARRY is sentenced in this case, the Sentencing Commission amends U.S.S.G. § 5C1.2(a)(1) to conform it to the current version of 18 U.S.C. § 3553(f)(1) and makes that amendment retroactive.